IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO ALEMAN, § | |
|     Petitioner § | |
| § | |
| VS. § | C.A. NO. C-06-549 |
| § | |
| NATHANIEL QUARTERMAN § | |
| DIRECTOR, TEXAS DEPARTMENT § | |
| OF CRIMINAL JUSTICE– § | |
| CORRECTIONAL INSTITUTIONS § | |
| DIVISION, § | |
|     Respondent § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Leblanc Unit in Iowa Park, Texas. The actions about which he complains occurred in Bee County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December 7, 2006 (D.E. 1, p. 7). Petitioner makes a number of claims relating to his 1989 conviction for murder. Respondent filed a motion to dismiss petitioner's complaint as time-barred on March 23, 2007 (D.E. 12) to which petitioner responded on March 29 and April 5, 2007 (D.E. 13, 14). Petitioner's response filed on March 29th is also construed as a motion for summary judgment (D.E. 13).

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

On January 12, 1989, following a plea of guilty, petitioner was convicted of the offense of murder, enhanced by two previous convictions, in the 156th District Court of Bee County, Texas. Petitioner was sentenced by the court to 35 years confinement in TDCJ-CID. Ex Parte Aleman, App. No. 22,374-01 at 2, 21-22).[1]

Petitioner did not file a direct appeal. On February 25, 1991 petitioner filed an application for habeas corpus relief in state court, which was denied without written order on May 29, 1991. Ex Parte Aleman, App. No. 22,374-01 at cover and 27-34. Petitioner filed a second application for habeas relief in state court on June 8, 1992 and it was denied without written order on October 18, 1992. Ex Parte Aleman, App. No. 22,374-02 at cover and 25-29. Petitioner next filed this federal petition on December 7, 2006 (D.E. 1).

Petitioner asserts that he is actually innocent of the murder charge based on newly discovered evidence and "that no rational jury would have found him guilty beyond a reasonable doubt and in light of this newly discovered evidence no juror would have convicted the petitioner of murder because the State failed to submit the affirmative finding of a deadly weapon, namely a knife, in the trial court." (D.E. 3, p. 1). Petitioner does not further describe the newly discovered evidence. Petitioner also asserts that he received ineffective assistance of counsel in a number of ways.

---

[1]The state court records are located at D.E. 10.

Respondent did not move to dismiss based on exhaustion of state court remedies, but reserved the right to address the exhaustion issue in the future, if necessary. Respondent moves to dismiss petitioner's application as time-barred under the applicable statute of limitations. Petitioner responded, but did not address the timeliness of his petition.

## APPLICABLE LAW

### A.  Statute of Limitations

Respondent seeks to dismiss petitioner's application for habeas corpus on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Petitioner filed his current application for writ of habeas corpus on December 7, 2006 and so is subject to the ADEPA provisions. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

In United States v. Flores, 135 F.3d 1000 (5th Cir. 1998), the Fifth Circuit held that prisoners were entitled to a reasonable time after the AEDPA became effective to file petitions for collateral relief under 28 U.S.C. §§ 2254 and 2255. The court further found that a reasonable period under AEDPA for causes of action accruing prior to April 24, 1996 was one year from the date it was enacted, or April 23, 1997. Id., 135 F.3d at 1006.

The limitation period in petitioner's case expired one year after the thirty-day period for filing a direct appeal, which was February 13, 1989. TEX. R. APP. P. 26.2(a). Hence Flores's one-year reasonable time limit would apply, making the last day he could have filed his petition April 23, 1997. Petitioner did not file his petition until December 7, 2006, more than nine years after the deadline, making it time-barred.

Also, although the one-year grace period is tolled during all time periods in which a properly filed state petition for habeas corpus is pending, Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1998), petitioner did not filed his state court applications prior to the date AEDPA became effective, with the result that neither of them acted to toll the statute of limitations. Nor has petitioner shown that he is entitled to equitable tolling, which is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d

806, 811 (5th Cir. 1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (citations omitted). Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. Henderson v. Johnson, 1 F.Supp.2d 650, 653 (N.D. Tex. 1998); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). See also Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)(commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner's application for relief is time-barred. Accordingly, it should be dismissed with prejudice.

**B. Certificate of Appealability**

Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that

court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed for procedural reasons. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that petitioner's habeas corpus petition is time barred.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss (D.E. 12) be granted and petitioner's motion for summary judgment (D.E. 13) be denied, and that petitioner's cause of action for habeas corpus relief be dismissed as time-barred. It is further recommended that if petitioner seeks a COA, it be denied.

Respectfully submitted this 22nd day of May, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).